IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff, No. 2:11-cv-1187 JAM JFM

vs.

KENNETH J. MALINOWSKI, *et al.*,

Defendants. FINDINGS & RECOMMENDATIONS

_______________________________/

On December 8, 2011, the court held a hearing on plaintiff's motion for default judgment against non-taxpayer defendants Boaz Foundation; Stan Hokenson as Trustee of Tierra Land Trust (also known as Tierra Trust); The Popular Society of Sovereign Ecclesia; and Citibank South Dakota, N.A. ("Citibank").[1] Adam Smart appeared for plaintiff. Kerry Franich appeared for defendant GMAC Mortgage Corporation. No other appearances were made. Upon review of the motion and the supporting documents, and good cause appearing, THE COURT FINDS AS FOLLOWS:

/////

[1] Plaintiff also sought default judgment against GMAC Mortgage Corporation ("GMAC"). On October 13, 2011, plaintiff and GMAC filed a stipulation to set aside default and withdraw motion for default judgment as to GMAC. On October 20, 2011, GMAC filed an answer.

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On November 9, 1995 and pursuant to a grant deed, Golden Bear Homes, a non-party to this action, conveyed 6037 White Court Ct., Citrus Heights, CA 95621 ("the subject property") to Kenneth and Patricia Malinowski, husband and wife, as joint tenants. Compl. at 2, ¶ 6. On January 5, 2000, the Malinowskis purported to convey the subject property pursuant to a quitclaim deed to "The Popular Society of Sovereign Ecclesia," of which Kenneth Malinowski identified himself as Patriarch. Id., ¶ 7. On October 6, 2000, Kenneth Malinowski, as Patriarch of "The Popular Society of Sovereign Ecclesia," purported to convey the subject property pursuant to a quitclaim deed from "The Popular Society of Sovereign Ecclesia" to Tierra Land Trust. Id. at 2-3, ¶ 8. On November 17, 2005, the Tierra Trust purported to convey the subject property pursuant to a quitclaim deed from the Tierra Trust to "The Boaz Foundation, Kenneth John Malinowski, a Non Profit Family Foundation." Id. at 3, ¶ 9.

On November 10, 2010, the United States filed this action seeking to reduce to judgment certain federal tax assessments made against defendants Kenneth and Patricia Malinowski, as well as to foreclose federal tax liens on the subject property. The complaint sets forth six claims for relief: (1) To reduce federal income tax assessments against the Malinowskis to judgment; (2) To reduce federal income tax assessments and civil penalty assessments against Kenneth Malinowski individually to judgment; (3) To reduce federal income tax assessments against Patricia Malinowski individually to judgment; (4) That the Boaz Foundation holds title to the subject property as nominee and/or alter-ego of the Malinowskis; (5) Fraudulent transfer of the subject property from the Malinowskis eventually leading to the Boaz Foundation; and (6) To foreclose federal tax liens against the subject property.

Pursuant to 26 U.S.C. § 7403(b), the United States named the non-taxpayer defendants in this action—Boaz Foundation, Stan Hokenson as Trustee of Tierra Land Trust, The Popular Society of Sovereign Ecclesia, Citibank, GMAC Mortgage Corporation, the State of California Franchise Tax Board and Sacramento County—as persons who may have liens upon

or claim an interest in the subject property. Subsection (c) of the statute provides that after all parties have been duly notified of any such action brought under Section 7403, the court shall proceed to adjudicate all matters involved in any such action and finally determine the merits of all claims to and liens upon the property. 26 U.S.C. § 7403(c).

SERVICE OF DEFENDANTS IN DEFAULT

Stan Hokenson as Trustee of the Tierra Land Trust was served both by personal service and substituted service with a copy of the summons and complaint on June 13, 2011 and June 14, 2011. Doc. No. 10, Ex. E. On August 9, 2011, plaintiff requested entry of default as to Stan Hokenson. Doc. No. 17. On August 10, 2011, the Clerk of the Court entered default as to Stan Hokenson. Doc. No. 22.

Kenneth Malinowski accepted personal service of the summons and complaint on behalf of The Boaz Foundation on June 10, 2011. Doc. No. 10, Ex. C. On August 5, 2011, plaintiff requested entry of default as to the Boaz Foundation. Doc. No. 15. On August 8, 2011, the Clerk of the Court entered default as to the Boaz Foundation. Doc. No. 16.

Kenneth Malinowski accepted personal service of the summons and complaint on behalf of The Popular Society of Sovereign Ecclesia on June 10, 2011. Doc. No. 10, Ex. D. On August 5, 2011, plaintiff requested entry of default as to The Popular Society of Sovereign Ecclesia. Doc. No. 15. On August 8, 2011, the Clerk of the Court entered default as to The Popular Society of Sovereign Ecclesia. Doc. No. 16.

Citibank was personally served with a copy of the summons and complaint on August 19, 2011. Doc. No. 24. On September 12, 2011, plaintiff requested entry of default against Citibank. Doc. No. 28. On September 14, 2011, the Clerk of the Court entered default as to Citibank. Doc. No. 29.

On August 9, 2011, the Boaz Foundation and The Popular Society of Sovereign Ecclesia, through Kenneth Malinowski, filed“responses” in which they state that they have no equitable claim to the subject property. See Doc. Nos. 19-20.

DISCUSSION

Plaintiffs seek default judgment pursuant to either Federal Rule of Civil Procedure 55(b)(1) or 55(b)(2).

Federal Rule of Civil Procedure 55(b)(1) provides

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). However, a sum is not certain "unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 929 (9th Cir. 2004). In this case, plaintiffs' claim for damages in excess of $20,000,000.00 is not a sum certain where no doubt remains as to the amount of damages owed as a result of the default. Accordingly, entry of default judgment under Rule 55(b)(1) is not proper.

Federal Rule of Civil Procedure 55(b)(2) provides that "[i]n all other cases [other than those in which the clerk of the court may enter default judgment], the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). It is within the sound discretion of the district court to grant or deny an application for default judgment pursuant to Rule 55(b)(2). Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999)). Nonetheless, "default judgments are

ordinarily disfavored." Eitel, 782 F.2d at 1471.

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. Tele Video Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

1. Possibility of Prejudice to Plaintiffs

The first factor set forth by the Ninth Circuit in Eitel considers whether the plaintiff would suffer prejudice if default judgment is not entered, and whether such potential prejudice to the plaintiff militates in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. As to the defaulting defendants (excluding Citibank), plaintiff seeks a determination that they hold no interest in the subject property, that the transfers of the subject property were fraudulent[2] or, in the alternative, that the defendant entities are mere nominees and/or alter egos of the Malinowskis. As to Citibank, plaintiff seeks a determination that it, as a judgment creditor of Kenneth Malinowski, has no current interest in the subject property. Plaintiff claims that if its motion is denied, it may be unable to recover the federal tax liabilities owed by Kenneth and Patricia Malinowski due to the encumbrances on the subject property.

Thus, the first Eitel factor favors the entry of default judgment.

2-3. Merits of Plaintiff's Substantive Claims & "Sufficiency of the Complaint"

The undersigned considers the merits of plaintiff's substantive claims and the sufficiency of the complaint together below because of the relatedness of the two inquiries. The undersigned must consider whether the allegations in the complaint are sufficient to state a claim

---

[2] These transfers include the January 5, 2000 transfer from the Malinowskis to The Popular Society of Sovereign Ecclesia; the October 6, 2000 transfer from The Popular Society of Sovereign Ecclesia to Tierra Land Trust; and the November 17, 2005 transfer from the Tierra Land Trust to the Boaz Foundation.

that supports the relief sought. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); PepsiCo, Inc., 238 F. Supp. 2d at 1175.

In its effort to reduce to judgment federal tax assessments against the Malinowskis, plaintiff filed a well-pleaded complaint that establishes (1) the statutory authority to bring this action, (2) the nature of the tax assessments and monetary amounts at issue, and (3) that the statutory notice requirements for properly assessing tax liabilities have been met. First, the United States is statutorily authorized under 26 U.S.C. § 7401 to bring this action on behalf of the IRS to collect outstanding federal tax liabilities pursuant to 26 U.S.C. §§ 6321, 6322, 6331(a). Second, the complaint delineates with great detail the nature of the tax assessments and monetary amounts. See Compl. at 4-8. Lastly, plaintiff asserts it gave timely notice to the Malinowskis, individually and collectively, concerning the tax assessments. Based on the foregoing, the court finds that plaintiff's claims are meritorious.

Thus, Eitel's second and third factors favor entry of default judgment.

4. Sum of Money at Stake

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177. In the complaint, plaintiff seeks only declaratory relief as to the non-taxpayer defendants against whom default was entered. Plaintiff seeks a determination that these defendants have no interest in the subject property. Accordingly, this factor favors granting a default judgment.

5. Possibility of a Dispute Concerning Material Facts

"The fifth Eitel factor examines the likelihood of dispute between the parties regarding the material facts surrounding the case." Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010). The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claim. Here, the court may assume the truth of the well-pleaded facts in the complaint (except as to damages)

following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. Defendants' failure to file an answer in this case further supports the conclusion that the possibility of a dispute as to material facts is minimal.

Accordingly, this Eitel factor weighs against granting plaintiffs' motion.

6. Excusable Neglect

Upon review of the record before the court, the undersigned finds that the default was not the result of excusable neglect. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Defendants have had ample notice of this lawsuit. Plaintiff properly served each defendant with process, and also served all defendants by mail with the motion for default judgment. Despite such ample notice of this lawsuit and plaintiff's intention to move for a default judgment, defendants have not appeared in this action and have done nothing to defend themselves. Although defendants The Popular Society of Sovereign Ecclesia and the Boaz Foundation attempted to file a response noting they have no interest in the subject property, these responses do not qualify as an appearance because, as entities, they must appear through counsel, United States v. High Country Broad. Co., Inc., 3 F.3d 1244, 1245 (9th Cir. 1993), and there is no representation that Kenneth Malinowski, who filed the responses, is an attorney.

Accordingly, this Eitel factor favors the entry of a default judgment.

7. Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. Although this factor, standing alone, is not dispositive, see PepsiCo, Inc., 238 F. Supp. 2d at 1177, it advises against granting plaintiff's motion in combination with the other factors previously discussed.

In sum, the court finds that consideration of the Eitel factors favors granting the motion for default judgment.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's October 5, 2011 motion for default judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 8, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;mali1187.mdj