UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>  v.<br><br>Kennith J. Malinowski, et al.,<br><br>    Defendants. | No.  2:11-cv-01187-JAM-JFM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

   Presently before the Court is Defendant Kenneth J. Malinowski's ("Defendant") Motion for Reconsideration (Doc. # 76) of the Court's September 20, 2012 order granting summary judgment in favor of Plaintiff United States of America ("Plaintiff") (Doc. # 74).  Plaintiff's motion for summary judgment was unopposed by Defendant.  Plaintiff opposes the current motion for reconsideration (Doc. # 81).

   There are four bases for reconsideration presented by Defendant: 1) Plaintiff failed to properly notice its lien on Defendant's property, 2) Plaintiff's counsel is not authorized to represent the United States and the Court improperly considered

1

evidence submitted in support of Plaintiff's motion, 3) Defendant was unable to oppose the motion due to pending discovery requests, and 4) the Court abused its power by entering judgment in favor of Plaintiff without a sufficient explanation of its reasoning.

A motion for reconsideration of a grant of summary judgment can be brought pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993). In this case, Defendant proceeds under rule 59(e).

> Rule 59(e) permits a district court to reconsider and amend a previous order, [but] the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources. Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is [1] presented with newly discovered evidence, [2] committed clear error, or [3] if there is an intervening change in the controlling law. A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation

Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations omitted) (emphasis in original).

At the outset, the Court notes that Defendant merely raises arguments that could have been reasonably raised in opposition to the original motion for summary judgment, making the present Rule 59(e) motion improper. For instance, when pending discovery disputes limit a defendant's ability to respond to a motion for summary judgment, an opposition based upon Rule 56(d) allows a court to defer consideration of the motion until more facts are known. The same reasoning applies to Defendant's remaining arguments. Accordingly, Defendant's motion may be properly

denied solely because it raises arguments that should have been raised in opposition to Plaintiff's motion for summary judgment. Id.  Defendant proceeds pro se, however, and pro se pleadings are entitled to some deference.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Accordingly, the Court will address the Defendant's other arguments to ensure that the Plaintiff was entitled to summary judgment.

  1. Proper Notice of Lien

   Defendant argues that Plaintiff's liens cannot be reduced to judgment because Plaintiff failed to produce a certified copy of a valid claim of lien.  Plaintiff responds that a valid lien automatically arose pursuant to 26 U.S.C. §§ 6321 and 6322 when Defendant failed to pay taxes.  Plaintiff's argument is persuasive.  Sections 6321 and 6322, by their plain terms, give rise to a valid lien when a taxpayer fails to pay taxes upon the government's demand.  See McGinley v. United States, 942 F. Supp. 1239, 1243 (D. Neb. 1996).  Evidence of Defendant's liability, Forms 4340, were submitted by Plaintiff.  Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992) (holding that forms 4340 are sufficient evidence of tax assessments); see also McGinley, 942 F. Supp. at 1243 (holding that the government is not required to file a notice of lien with state authorities in order to enforce a federal tax lien).  Accordingly, summary judgment was properly entered in Plaintiff's favor based on the submitted evidence.

  2. Plaintiff's Counsel's Authority to Bring Action

   Next Defendant argues that Plaintiff's counsel lacks authority under the 11th Amendment to the U.S. Constitution to

3

prosecute this action on behalf of the United States.  Defendant also argues that Plaintiff's counsel did not submit admissible evidence in support of the motion for summary judgment.  Plaintiff responds that Defendant's arguments are not grounded in any authority, and are therefore frivolous and should not be considered.

Defendant's argument concerning admissible evidence is incorrect.  Under Federal Rule of Civil Procedure 56, a motion for summary judgment can be supported with affadavits, admissible evidence, and declarations.  An attorney declaration is a proper vehicle for submitting admissible evidence. Clark v. Cnty. of Tulare, 755 F. Supp. 2d 1075, 1084 (E.D. Cal. 2010) (holding that an attorney may certify the authenticity of documents if he has personal knowledge of their authenticity).  Plaintiff's counsel's declaration only concerns documents that were created during the course of litigation and he declares that he has personal knowledge of their authenticity.  As a result, the materials submitted by Plaintiff's counsel were properly considered.

Defendant's argument that the 11th Amendment bars this suit is also incorrect.  The 11th Amendment bars suits against states, but the present action is against Kenneth and Patricia Malinowski, neither of whom are sovereign entities. Ex parte Young, 209 U.S. 123, 149 (1908).  Accordingly, the 11th Amendment does not bar entry of judgment in Plaintiff's favor.

3. Discovery Responses

Finally, Defendant claims that he was not able to oppose Plaintiff's motion for summary judgment because was waiting for a "verified complaint" and production of discovery.  The Court's

4

docket indicates that Defendant was served with and acknowledged receiving the complaint in this action (Doc. # 5). Additionally, some of the discovery requests made by Defendant were actually Freedom of Information Act requests, and are therefore beyond the purview of this litigation. With regard to the remaining requests, Plaintiff points out that it responded to timely requests for admissions, but the last set were served by Defendant after the discovery cutoff date. Accordingly, the Court finds that Defendant's motion cannot be maintained on the basis of deficient discovery requests.

4. Conclusion

For the reasons discussed above, Defendant has not raised any ground upon which his motion for reconsideration may be granted. Defendant does argue that the Court's order granting judgment in Plaintiff's favor is deficient because it is not a reasoned decision grounded in law and fact. Such an order, however, is not required when granting an unopposed motion for summary judgment. Fed. R. Civ. P. 52(a)(3). In any event, Defendant's last argument is mooted by the present order because it contains the Court's reasoning with regard to the entry of summary judgment in Plaintiff's favor.

III. ORDER

Defendant's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Dated: October 11, 2012

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

5