KATHRYN KENEALLY
Assistant Attorney General

ADAM R. SMART
Trial Attorney, Tax Division
U.S. Department of Justice
Ben Franklin Station, P.O. Box 683
Washington, D.C. 20044
Telephone: (202) 307-6422
Facsimile: (202) 307-0054
Email: Adam.R.Smart@usdoj.gov
           Western.Taxcivil@usdoj.gov
Attorney for the United States of America

BENJAMIN B. WAGNER
United States Attorney
Eastern District of California
Of Counsel

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KENNETH J. MALINOWSKI; PATRICIA I. MALINOWSKI; KENNETH J. MALINOWSKI and PATRICIA I. MALINOWSKI as trustees of the BOAZ FOUNDATION; THE POPULAR SOCIETY OF SOVERIGN ECCLESIA aka THE POPULAR SOCIETY OF THE SOVEREIGN ECCLESIA, KENNETH J. MALINOWSKI as Patriarch; STAN HOKENSON as trustee of TIERRA LAND TRUST, aka TIERRA TRUST; GMAC MORTGAGE CORPORATION; STATE OF CALIFORNIA FRANCHISE TAX BOARD; CITIBANK SOUTH DAKOTA, N.A.; SACRAMENTO COUNTY<br><br>Defendants. | Civil No. 2:11-cv-01187-JAM-JFM<br><br>**ORDER OF SALE** |

This Court entered an Order on September 20, 2012 and final judgment in this action on that same date, finding that the United States has valid federal tax liens for unpaid tax assessments against all property and rights to property belonging to Kenneth and Patricia Malinowski. The Court hereby

ORDERS that the United States' tax liens against Kenneth J. Malinowski and Patricia I. Malinowski for federal income taxes for tax years 1998, 1999, 2000, 2001, 2002 and 2003 attached to the parcel of real property located at 6037 White Cloud Ct., Citrus Heights, CA 95621, which is legally described as follows:

> Lot 176 as shown on that certain map entitled "Plat of Greenback Wood Unit 2" filed in the office of the County Recorder of Sacramento County California, on October 3, 1980 in Book 1142 of Maps, at Page 1.

(the "Property") and that the tax liens are foreclosed. The Court further ORDERS that the Property be sold under title 28, United States Code, §§ 2001 and 2002, to satisfy those liens, as follows:

1. The United States Marshal, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property. The United States may choose either the United States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale as set forth in this Order:

2. The Marshal, his or her representative, or a PALS representative is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the property, until the deed to the Property is delivered to the ultimate purchaser.

3. The terms and conditions of the sale are as follows:

    a. the sale of the Property shall be by public auction to the highest bidder, free and clear of all liens and interests of the United States, Kenneth J. Malinowski; Patricia I. Malinowski; Kenneth J. Malinowski and Patricia I. Malinowski as Trustees of the Boaz Foundation; the Popular Society of Soverign Ecclesia aka the Popular Society of the Sovereign Ecclesia, Kenneth J. Malinowski as Patriarch; Stan Hokenson as Trustee of Tierra Land Trust, Aka Tierra Trust; GMAC Mortgage LLC; State of California Franchise Tax Board; Citibank South Dakota, N.A.; and Sacramento County;

b. the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

c. the sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

d. the date and time for sale are to be announced by the United States Marshal, his/her representative, or a PALS;

e. notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Sacramento County, and, at the discretion of the Marshal, his/her representative, or a PALS, by any other notice deemed appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

f. the minimum bid will be set by the Internal Revenue Service for the Property. If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder;

g. the successful bidder(s) for the Property shall be required to deposit at the time of the same with the Marshal, his/her representative, or a PALS a minimum of twenty (20) percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Eastern District of California. Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h. the successful bidder(s) for the Property shall pay the balance of the purchase price for the Property to the Clerk of this Court within thirty (30) days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied

1  to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any
2  amount remaining to be applied to the tax liabilities of Kenneth and Patricia Malinowski at issue herein.
3  The Property shall be again offered for sale under the terms and conditions of this order of sale.  The
4  United States may bid as a credit against its lien without tender of cash;

5     i. the sale of the Property shall be subject to confirmation by this Court.  The
6  Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of
7  confirmation of sale, within forty-five (45) days from the date of receipt of the balance of the purchase
8  price;

9     j. on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed
10 of judicial sale conveying the Property to the purchaser;

11    k. on confirmation of the sale, all interests in, liens against, or claims to, the Property
12 that are held or asserted by all parties to this action are discharged and extinguished;

13    l. on confirmation of the sale, the recorder of deeds, Sacramento County, California,
14 shall cause transfer of the Property to be reflected upon that county's register of title.  The successful
15 bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's
16 registry fees as provided by law; and

17    m. the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of
18 redemption.

19   4. Until the Property is sold, Kenneth and Patricia Malinowski shall take all reasonable steps
20 necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on
21 the property) in its current condition including, without limitation, maintaining a fire and casualty
22 insurance policy.  They shall neither commit waste against the Property nor cause or permit anyone else
23 to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor
24 cause or permit anyone else to do so.  They shall not record any instruments, publish any notice, or take
25 any other action (such as running newspaper advertisements or posting signs) that may directly or
26 indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage
27 potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do
28 so.

5.	All persons occupying the Property shall leave and vacate the Property permanently within thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, including the use of reasonable force, whether or not the sale of such Property is being conducted by a PALS.  Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the United States Marshal or local law enforcement without further order of the Court.

6.	If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office and/or PALS is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

7.	The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient, first to the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale, then to the following items in the order specified below as per the Stipulations (Dkt. 49 & 64) and the February 21, 2012 and August 6, 2012 Orders of this Court (Dkt. 50 & 65):

| Rank | Lien Holder | Type | Lien Date/Date of Recording |
|---|---|---|---|
| 1 | Sacramento County | Property Tax Lien | N/A |
| 2 | GMAC Mortgage | Deed of Trust | 12/6/1995 |
| 3 | FTB (1998 TY) | NSTL | 9/12/2001 (3/27/2002) |
| 4 | FTB (1999 TY) | NSTL | 1/04/2002 (3/27/2002) |
| 5 | FTB (2000 TY) | NSTL | 10/27/2002 (3/7/2012) |
| 6 | FTB (2001 TY) | NSTL | 7/24/2004 (5/27/2010) |
| 7 | FTB (1998 TY) | NSTL | 2/19/2006 (5/27/2010) |
| 8 | FTB (1999 TY) | NSTL | 2/19/2006 (5/27/2010) |

| 9  | FTB (2000 TY) | NSTL | 2/19/2006 (5/27/2010)  |
|----|---------------|------|------------------------|
| 10 | FTB (2001 TY) | NSTL | 2/19/2006 (5/27/2010)  |
| 11 | IRS (1998 TY) | NFTL | 4/10/2006 (6/20/2007)  |
| 12 | FTB (2004 TY) | NSTL | 3/24/2007 (3/7/2012)   |
| 13 | FTB (2003 TY) | NSTL | 3/24/2007 (3/7/2012)   |
| 14 | IRS (1998 TY) | NFTL | 4/02/2007 (2/5/2009)   |
| 15 | IRS (1999 TY) | NFTL | 4/02/2007 (10/20/2008) |
| 16 | IRS (2000 TY) | NFTL | 4/02/2007 (10/20/2008) |
| 17 | IRS (2001 TY) | NFTL | 4/02/2007 (2/5/2009)   |
| 18 | IRS (2002 TY) | NFTL | 4/02/2007 (2/5/2009)   |
| 19 | IRS (2003 TY) | NFTL | 4/02/2007 (2/5/2009)   |
| 20 | IRS (1999 TY) | NFTL | 6/4/2007 (6/20/2007)   |
| 21 | IRS (2000 TY) | NFTL | 6/4/2007 (6/20/2007)   |
| 22 | IRS (2001 TY) | NFTL | 6/4/2007 (6/20/2007)   |
| 23 | IRS (2002 TY) | NFTL | 6/4/2007 (6/20/2007)   |
| 24 | IRS (2004 TY) | NFTL | 8/11/2008 (2/5/2009)   |
| 25 | IRS (2003 TY) | NFTL | 2/23/2009 (4/13/2009)  |
| 26 | FTB (2003 TY) | NSTL | 6/8/2009 (5/27/2010)   |
| 27 | FTB (1998 TY) | NSTL | 6/8/2009 (5/27/2010)   |
| 28 | FTB (2999 TY) | NSTL | 6/8/2009 (5/27/2010)   |
| 29 | FTB (2000 TY) | NSTL | 6/8/2009 (5/27/2010)   |
| 30 | FTB (2001 TY) | NSTL | 6/8/2009 (5/27/2010)   |
| 31 | FTB (2002 TY) | NSTL | 6/8/2009 (3/7/2012)    |
| 32 | FTB (2007 TY) | NSTL | 7/3/2009 (3/7/2012)    |
| 33 | FTB (2000 TY) | NSTL | 7/6/2009 (5/27/2010)   |
| 34 | FTB (1998 TY) | NSTL | 7/6/2009 (5/27/2010)   |
| 35 | FTB (1999 TY) | NSTL | 7/6/2009 (5/27/2010)   |
| 36 | FTB (2001 TY) | NSTL | 7/6/2009 (5/27/2010)   |
| 37 | FTB (2002 TY) | NSTL | 7/6/2009 (3/7/2012)    |
| 38 | FTB (2008 TY) | NSTL | 8/20/2010 (3/7/2012)   |
| 39 | FTB (2009 TY) | NSTL | 12/9/2011 (3/7/2012)   |

1 | Finally, any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

IT IS SO ORDERED:

DATED: 10/19/2012

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
JUDGE OF THE UNITED STATES DISTRICT COURT